**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 10-cr-00214-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDREW MICHAEL MARTINEZ,
  a/k/a "Young Blood,"

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO VACATE**

---

This matter comes before the Court on Defendant Andrew Michael Martinez's Motion to Vacate (Doc. # 29) pursuant to 28 U.S.C. § 2255. For the following reasons, the Court grants the motion.

### I.    BACKGROUND

**A. MR. MARTINEZ'S PREVIOUS CONVICTION**

On October 4, 2010, Mr. Martinez entered a plea of guilty to one count of violating 18 U.S.C. § 922(g)(1) for illegal possession of a firearm by a previously-convicted felon. (Doc. # 26.) On October 5, 2010, the Court sentenced him to 120-months imprisonment. (Doc. # 27.) Before imposing this sentence, the Court adopted the findings and recommendations of the Presentence Investigation Report, which stated that Mr. Martinez should be subjected to an increased sentence under §

1

2K2.1(a)(2) of the United States Sentencing Guidelines (Guidelines) (Doc. # 21 at 5, ¶ 15.)

Under § 2K2.1(a)(2), a defendant convicted under 18 U.S.C. § 922(g) is assigned an offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." The commentary to § 2K2.1 directs the Court to consult the career-offender guideline, § 4B1.2, for the definition of "crime of violence." That section defines "crime of violence" as:

> (a) any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

§ 4B1.2 (a) (emphasis added).[1] The highlighted portion of this section is known as the residual clause.

The Court found that Mr. Martinez had two prior convictions that qualified as "crimes of violence" under § 4B1.2(a)—vehicular eluding and conspiracy to commit vehicular eluding. Mr. Martinez did not directly appeal that sentence, and it became final on or about October 20, 2010. *See* Fed. R. App. P. 4(b)(1)(A)(i) (defendant must file a notice of appeal within fourteen days of judgment); *United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) ("If the defendant does not file an appeal, the

---

[1] This section has since been amended, but Guidelines ranges are calculated according to the Guidelines in effect at the time the defendant is sentenced. *See* U.S.S.G. § 1B1.11.

criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal.").

### B. *JOHNSON* AND *WELCH*

Approximately five years later, on June 26, 2015, the Supreme Court decided *Johnson v. United States*, --- U.S. ---, 135 S.Ct. 2551 (2015). *Johnson* examined the Armed Career Criminal Act (ACCA), which mandates a 15-year minimum sentence for anyone convicted of felon-in-possession who "has three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e)(1). Specifically at issue in *Johnson* was the constitutionality of the residual clause (italicized below) contained in the ACCA's definition of "violent felony"—a clause that is identical to the residual clause in § 4B1.2(a)(2) of the Guidelines:

> any crime punishable by imprisonment for a term exceeding one year . . . if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§ 924(e)(2)(B) (emphasis added).

The *Johnson* Court held that the residual clause is unconstitutionally vague because the application of it "denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557.

3

On April 18, 2016, the Supreme Court decided *Welch v. United States*, —U.S.—, 136 S.Ct. 1257 (2016). *Welch* held that *Johnson* announced a "substantive" change in the criminal law that applies retroactively to prisoners who received the ACCA mandatory minimum sentence based on an offense that was deemed a "violent felony" under the residual clause. *Id.* at 1265. Thus, via 28 U.S.C. § 2255, those prisoners could collaterally challenge their sentences as unconstitutional.

### C. MR. MARTINEZ'S INSTANT § 2255 MOTION

On June 13, 2016, Mr. Martinez filed the instant motion, arguing that his sentence enhancement under § 4B1.2(a) of the Guidelines is unconstitutional in light of *Johnson*. Mr. Martinez contends that his previous conviction for vehicular eluding can only constitute a crime of violence under the residual clause of § 4B1.2(a)(2), which is identical to the unconstitutional residual clause of the ACCA.

On August 10, 2016, the Government responded to the motion, contending that it was untimely filed and procedurally barred. The Government concedes, however, that Mr. Martinez's sentence was enhanced because his previous crimes were considered crimes of violence under the residual clause of § 4B1.2(a)(2). In light of *Johnson*, the Government agrees that, should its procedural arguments fail, Mr. Martinez's sentence should be vacated and he should be resentenced.

## II.   ANALYSIS

### A. TIMELINESS

The Government first argues that Defendant's § 2255 motion is untimely.

Ordinarily, a § 2255 motion must be brought within a year of either (1) the date on which the defendant's judgment of conviction becomes final, 28 U.S.C. § 2255(f)(1);

or (2) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review, 28 U.S.C. § 2255(f)(3).

Mr. Martinez does not dispute that his motion was untimely filed under § 2255(f)(1).  As mentioned, Mr. Martinez's conviction became final on or about October 20, 2010, almost six years before he filed this § 2255 motion.  Mr. Martinez, however, contends that his motion is timely under § 2255(f)(3) because he filed it within one year of *Johnson* which recognized a new right made retroactively available in *Welch*.

It is undisputed that *Johnson* announced a new right.  *Welch*, 136 S.Ct. at 1264.  The Supreme Court has not addressed, however, the scope of this new right—specifically whether *Johnson's* constitutional holding is limited to § 924(e)(2)(B) of the ACCA; or whether it extends to render the identical residual clause in § 4B1.2(a)(2) of the Guidelines unconstitutional, and if so, whether that extension applies retroactively. *See Beckles v. United States*, No. 15-8544, --- U.S. ---, 136 S.Ct. 2510 2016 WL 1029080 (U.S. Jun. 27, 2016) (certiorari petition granted on these issues).

In *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015)[2], the Tenth Circuit determined that *Johnson's* new constitutional holding applies to the residual clause of § 4B1.2(a)(2) because it is "virtually identical" to § 924(e)(2)(B) and implicates "the same concerns about judicial inconsistency that motivated the Court in *Johnson*." The panel then concluded that, following *Johnson*, § 4B1.2(a)(2) is unconstitutionally

---

[2] The Court recognizes that, given § 2255's dictate that the Supreme Court controls whether constitutional rulings may be applied retroactively to sentences already imposed, *Madrid* is not strictly relevant to the question of whether Mr. Martinez's sentence should be vacated.  *See E.J.R.W. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006) (decisions from courts of appeals cannot trigger § 2255(f)(3)).  This Court therefore relies on *Johnson* in conducting its analysis and only mentions *Madrid* as persuasive authority supporting the Court's conclusion.

vague. *Id.* ("If one iteration of the clause is unconstitutionally vague, so too is the other."). Other courts have agreed. *See In re Hubbard*, No. 15–276, 185 F.3d 225, 229–35, 2016 WL 3181417, at *3–6 (4th Cir. Jun. 8, 2016); *United States v. Taylor*, 803 F.3d 931, 933 (8th Cir. 2015); *United States v. Townsend*, 638 Fed.Appx. 172, 178 n. 14 (3d Cir. 2015) (unpublished); *U.S. v. Durante*, --- F.Supp.3d ---, 2016 WL 5791199 (2016).

Citing *Madrid*, 805 F.3d 1204, the Government concedes that *Johnson* extends to Guidelines cases and renders the residual clause in § 4B1.2(a)(2) unconstitutional. However, the Government contends that *Johnson's* rule only applies "prospectively to sentencing proceedings under the [G]uidelines, and retroactively to [G]uidelines cases on direct appeal," not retroactively to Guidelines cases on collateral review, like Martinez's case. (Doc. # 33 at 3–4.) The Government reasons that, unlike the provisions of the ACCA, the Guidelines are procedural rules, making the application of *Johnson* to them procedural and not retroactively available under *Teague v. Lane*, 489 U.S. 288 (1989). The Government further argues that the non-binding, advisory nature of the Guidelines, as opposed to the mandatory nature of the ACCA, makes any change to the Guidelines only affect the "manner of determining" a defendant's sentence, not the class of persons subject to a particular sentence. (Doc. # 33 at 7); s*ee Schiro v. Summerlin*, 542 U.S. 348, 353 (2004) ("[R]ules that regulate the manner of determining the defendant's culpability are procedural"); *Saffle v. Parks*, 494 U.S. 484, 494–95 (1990) (A rule is substantive if it prohibits "a certain category of punishment for a class of defendants because of their status or offense."). In other words, although the Government admits that the *Johnson* rule is substantive when applied to § 924(c)(3)(B)

6

of the ACCA, it contends the rule is procedural and not retroactively available when applied to § 4B1.2(a)(2) of the Guidelines.

The Government has cited no legal authority to support the proposition that a rule can be substantive in one context but procedural in another, and this Court sees no logical basis for so concluding. Nothing in *Welch* suggests that *Johnson's* holding would transform into a procedural rule when applied to cases brought under the Guidelines. Instead, the *Welch* Court unequivocally (and broadly) concluded "*Johnson* is a substantive decision and so has retroactive effect under *Teague* in cases on collateral review." 136 S.Ct. at 1265 ("*Johnson* establishes . . . that even the use of impeccable factfinding procedures could not legitimate a sentence based on [the residual] clause. It follows that *Johnson* is a substantive decision.") (internal quotation marks omitted); c*f. Danforth v. Minnesota*, 552 U.S. 264, 266 (2008) ("New constitutional rules announced by this Court that place certain kinds of primary individual conduct beyond the power of the states to proscribe . . . must be applied in all future trials, all cases pending on direct review, and all federal habeas corpus proceedings.").

Moreover, the reasoning applied to render the residual clause in § 924(c)(3)(B) of the ACCA unconstitutional in *Johnson* and retroactive in *Welch* applies equally to § 4B1.2(a)(2) of the Guidelines. *See Madrid*, 805 F.3d at 1210–11 ("The concerns about judicial inconsistency that motivated the court in *Johnson*" are unchanged as applied to the sentencing guidelines, § 4B1.2(a)(2)). *Johnson* focused on basic problems inherent in the language of § 924(c)(3)(B)—language that is identical in § 4B1.2(a)(2). The Court determined that problems arise from the interaction of the categorical approach with that

language, which leaves "grave uncertainty about how to estimate the risk posed by a crime" and improperly applies an "imprecise serious potential risk standard" to a "judge-imagined abstraction."  *Johnson*, 135 S.Ct. at 2557–58 (internal quotation marks omitted).  Thus, "[i]ncreasing a defendant's sentence" based on vague language used in a "[residual] clause denies due process of the law."  *Id.*

The *Welch* Court reiterated this concern: "The residual clause failed . . . because applying [the serious potential risk] standard under the categorical approach required courts to assess the hypothetical risk posed by an abstract version of the offense."  136 S.Ct. at 1263.  Invoking this "shapeless provision" to extend someone's prison term "does not comport with the Constitution's guarantee of due process," *id.* (quoting *Johnson*, 135 S.Ct. at 2560), and striking it down changed the substantive reach of the ACCA, "altering the range of conduct of the class of persons that the [ACCA] punishes." 136 S.Ct. at 1265 (quoting *Schiro*, 542 U.S. at 353).

Likewise, applying *Johnson* to the Guidelines and thereby striking down the residual clause in § 4B1.2(a)(2) "alter[s] the range of conduct or the class of persons that the [guidelines] punishes," *Welch*, 136 S.Ct. at 1265 (internal quotation marks omitted)—without the residual clause, some crimes will no longer fit the definition of a crime of violence in § 4B1.2(a)(2) or be capable of causing a sentence enhancement.  *See In re Hubbard*, 825 F.3d 225, 234 (4th Cir. 2016) (the application of the *Johnson* rule to the sentencing guidelines operates to "prohibit a certain category or punishment for a class of defendants because of their status.") (internal citation omitted).

That the Guidelines are advisory, and not statutory, does not alter this analysis.  As the *Madrid* panel concluded:

> The Supreme Court has held that the Guidelines are subject to constitutional challenge 'notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range. Further, the Guidelines are the mandatory starting point for a sentencing determination; a district court can be reversed for failing to correctly apply them despite the ability to later deviate from the recommended range.

*Id.*; *see Monlina-Martinez v. United States*, 136 S.Ct. 1338, 1345 (2016) ("The Guidelines central role in sentencing means that an error related to the Guidelines can be particularly serious.").

Moreover, there exists an "insidious comingling" of ACCA and Guidelines precedents. *Golicov v. Lynch*, 837 F.3d 1065, 1074 (10th Cir. 2016) (discussing the comingling of INA, ACCA, and Guidelines precedents when assessing the application of *Johnson* to a residual clause in the INA); *see e.g.*, *United States v. Wray*, 776 F.3d 1182, 1184–85 (10th Cir. 2015) ("[T]his court and other federal courts of appeals have applied the Supreme Court's ACCA 'violent felony' analysis in cases interpreting § 4B1.2's definition of 'crime of violence.'"). This co-mingling further corroborates this Court's view that the constitutional right recognized in *Johnson* and made retroactive *Welch* cannot logically apply as a substantive rule in the context of the ACCA but a procedural rule as applied to the Guidelines.

The Court therefore agrees with Mr. Martinez that, following *Welch*, *Johnson*'s substantive rule applies retroactively to a defendant challenging his sentence enhancement based on the application of the residual clause in § 4B1.2(a)(2) of the Guidelines. *See In re Encinias*, 821 F.3d 1224 (10th Cir. 2016) (finding it "reasonably likely" that *Johnson* applies retroactively under the Guidelines). Thus, Mr. Martinez's motion arises from a new right initially recognized in *Johnson* and held retroactive in

*Welch*. Because his instant § 2255 motion was brought within one year of the *Johnson* decision, it is timely. *See* 28 U.S.C. § 2255(f)(3).

### B. PROCEDURAL DEFAULT

The Government next argues that Mr. Martinez's § 2255 motion is procedurally barred because he never presented his current argument on direct appeal. The Court finds, under the circumstances, that the failure to take a direct appeal is no barrier to Mr. Mr. Martinez's present motion.

As a general rule, a defendant cannot raise an argument on collateral review that was not raised on direct appeal. *See, e.g.*, *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 351 (2006). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised on collateral review only if the defendant can demonstrate cause for failing to raise it and resulting prejudice. *Bousley v. United States*, 523 U.S. 614, 621 (1998).

The Court finds that Mr. Martinez has demonstrated cause. Before *Johnson*, Mr. Martinez's current argument would have failed, unless he had taken it all the way to the Supreme Court and convinced the Supreme Court to overrule *Sykes v. United States*, 564 U.S. 1 (2011), among other Supreme Court and Circuit cases. *Sykes*, 564 U.S. at 15, held that the residual clause "states an intelligible principle and provides guidance that allows a person to conform his or her conduct to the law," and *Johnson*, 135 S.Ct. at 2559, eventually overruled this conclusion. *See James v. United States*, 550 U.S. 193 (2007) (also overruled by *Johnson*).

In *Reed v. Ross*, 468 U.S. 1, 17 (1984), the Supreme Court held that when one of its decisions explicitly overrules one of its prior decisions,

> there will almost certainly have been no reasonable basis
> upon which an attorney previously could have urged a . . .
> court to adopt the position that [the Supreme] Court had
> ultimately adopted. Consequently, the failure of a
> defendant's attorney to have pressed such a claim . . . is
> sufficiently excusable to satisfy the cause requirement.

Therefore, to preserve his current argument, Mr. Martinez was not required to argue on direct appeal that Supreme Court precedent should be overruled, particularly precedent as recent as *Sykes*. See *United States v. Snead*, 2016 WL 4091548, at *2–3 (N.D. Cal. Aug. 2, 2016); *United States v. Dean*, 169 F. Supp. 3d 1097, 1106–08, 2016 WL 1060229, at *5–12 (D. Or. Mar. 15, 2016).

The Government does not challenge that Mr. Martinez has shown prejudice. Generally, to show prejudice, a petitioner must show that without an error, the conviction or sentence would have been different. *Strickler v. Greene*, 527 U.S. 263, 289 (1999). Here, the Court considered the Guidelines and enhanced the guideline range based on the definition of a crime of violence in § 4B1.2(a) when imposing Mr. Martinez's sentence. The application of that section increased Mr. Martinez's base level imprisonment range from a level 14 to a level 24. In other words, had the Court not applied the career offender enhancement, the advisory guideline range would have been significantly lower. See *Madrid*, 805 F.3d at 1211 (discussing the grave importance of the Guidelines and the serious problems that accompany a failure to apply them correctly); *Monlina-Martinez v. United States*, 136 S.Ct. 1338, 1345 (2016) (same). The Court finds that the constitutional error in calculating Mr. Martinez's sentencing range worked to his actual and substantial disadvantage, establishing prejudice.

Accordingly, the Court concludes that Mr. Martinez has shown cause and prejudice sufficient to overcome his failure to file a direct appeal challenging his sentence, and his instant § 2255 motion is not procedurally barred.

### III.     MR. MARTINEZ'S SENTENCE COMPUTATION POST-*JOHNSON*

The PSR in this case, which the Court adopted at the sentencing hearing, calculated an advisory imprisonment range of 151 and 188 months based on a criminal history category VI and a total offense level of 29 (base offense level 24 with the Guideline enhancement, plus 8 levels for special offense characteristics minus 3 levels for acceptance of responsibility). However, the statutory maximum sentence for Mr. Martinez's crime was 120 months and the Court therefore imposed that sentence. Had Mr. Martinez been sentenced without the Guideline enhancement, his base offense level would have been 14 and his total offense level would have been 19, resulting in an advisory imprisonment range between 63 and 78 months.

The Court acknowledges that Mr. Martinez's plea agreement states that he "agrees not to seek a variant sentence below the statutory maximum of ten (10) years confinement." (Doc. # 18 at 1.) However, he agreed to such a term because the applicable advisory guideline range at the time was significantly higher than the 120 months statutory maximum. Based on the unconstitutionality of the enhancement, the advisory guideline sentence is now significantly lower than the statutory maximum. To date, Mr. Martinez has been in custody more than 80 months, which is greater than the top of the advisory guideline range, as recalculated. After considering the factors set forth in 18 U.S.C. § 3553, the Court finds no basis to support an upward departure or variance from the advisory guideline range of 63 to 78 months. Thus, the Court finds

that Mr. Martinez is currently serving a sentence that is in excess of the sentence the Court would have imposed without the Guideline enhancement, and he should be released.

## IV.     CONCLUSION

In conclusion, the Government's procedural arguments fail.  The Government concedes that vehicular eluding and conspiracy to commit vehicular eluding are no longer considered crimes of violence after *Johnson*.  Accordingly, the Court GRANTS Mr. Martinez's Motion to Vacate under 28 U.S.C. § 2255 (Doc. # 29); and VACATES the Judgment dated October 5, 2010 (Doc. # 27).  It is

FURTHER ORDERED that Defendant's Motion for Order (Doc. # 35) is DENIED AS MOOT.  It is

FURTHER ORDERED that:

1. The Bureau of Prisons shall release Petitioner Andrew  Michael Martinez without delay.
2. Pending the resentencing hearing, the previously-imposed terms and conditions of supervised release shall remain in effect and Mr. Martinez is to report in person to the District in which he is released within 72 hours of his release.
3. A resentencing hearing is scheduled for Tuesday, January 31, 2017, at 10:00 a.m. in Courtroom A602, Alfred A. Arraj Courthouse, 901 19th Street, Denver, Colorado.
4. Mr. Martinez is ordered to appear in person at the resentencing hearing.

Moreover, the District Court Clerk is directed to file this Order and provide copies to counsel, the U.S. Probation Office, and the U.S. Marshals Service, who shall immediately serve a copy to the Bureau of Prisons.

DATED:  November 30, 2016				BY THE COURT:

							_____
							CHRISTINE M. ARGUELLO
							United States District Judge